UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINSTON BROWN )<br>  Plaintiff, )<br> )<br>v. )<br> )<br> )<br>FORSTER & GARBUS, LLP )<br>  Defendant, )<br> )<br> ) | Civil Action No.<br><br>1:14-cv-06258-JPO |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, WINSTON BROWN, by and through his attorneys, the CONSUMER RIGHTS LAW FIRM, PLLC, and for his Complaint against the Defendant, FORSTER & GARBUS, LLP, Plaintiff states as follows:

### I. *INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Winston Brown, an individual consumer, against Defendant, Forster & Garbus, LLP and their agents for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. *JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Because Defendant conducts business in Southern District of New York, personal jurisdiction is established.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

### III. *PARTIES*

7. Plaintiff, Winston Brown (hereinafter "Plaintiff"), is an adult individual who was at all relevant times residing in Bronx, Bronx County, State of New York 10475.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Upon information and belief the Defendant, Forster & Garbus, LLP, (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 60 Vanderbilt Motor Parkway, Commack, State of New York 11725.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors, bills, statements, and/or other correspondence

via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

14. At all relevant times, Defendant acted through it's duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. *FACTUAL ALLEGATIONS*

15. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

16. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

17. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

18. On or about October 18, 2013, Defendant, in connection with the collection of the alleged debt, called contacted Plaintiff and threatened to garnish Plaintiff's wages.

19. Defendant does not have the authority to garnish Plaintiff's wages.

20. The representations made to Plaintiff by Defendant regarding garnishment were false.

21. On or about October 18, 2013, Defendant, in connection with the collection of the alleged debt, called Plaintiff and stated that if Plaintiff had any property in his name Defendant would take the property.

22. Defendant does not have the authority to seize Plaintiff's property.

23. The representations made to Plaintiff by Defendant regarding seizing property were false.

24. On or about October 18, 2013, Defendant, in connection with the collection of the alleged debt, called contacted Plaintiff and were extremely rude and called Plaintiff stupid.

25. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

26. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

28. Defendant utilized unfair and unconscionable means to collect on an alleged debt, by threatening to take action they could not legally take.

## *SUMMARY*

29. All of the above-described collection communications made to Plaintiff by Defendant and collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

30. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

31. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by Defendant.

32. Defendants repeated unlawful attempts to collect this alleged debt from Plaintiff were an invasion of Plaintiff's privacy and his right to be left alone.

## V. *CAUSES OF ACTION*

### *COUNT I*
### *VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.*

33. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

34. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiff:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the seizure of any property or wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

35. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3), from Defendant.

## *COUNT II*
## *INVASION OF PRIVACY BY INTRUSION UPON SECLUSION*

37. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> "**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**."

15 U.S.C. § 1692(a) (emphasis added).

39. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

7

> "It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information."

15 U.S.C. § 6801(a) (emphasis added).

40. Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

41. Defendant and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

42. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

43. The conduct of Defendant and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

44. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA.

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) and from each Defendant for intentional and/or negligent invasion of privacy in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs and reasonable attorney fees from Defendant for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. Punitive damages in such amount as is found appropriate.

F. For Such other and further relief as the Court may deem just and proper.

## VII.   *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, Winston Brown, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED,

Dated: July 30, 2014

*[signature]*
Attorney for Plaintiff
NYSD Bar: KB5090
Consumer Rights Law Firm, PLLC
231 Sutton Street, Suite 1-A
North Andover, MA 01845
Telephone: (978) 212-3300
Facsimile: (888) 712-4458
attorneykevinb@consumerlawfirmcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF NEW YORK   )
                    ) ss
COUNTY OF BRONX     )

I, <u>WINSTON BROWN</u>, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding against FORSTER & GARBUS, LLP.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. 1746(2), I, WINSTON BROWN hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: Aug 4, 2014                          *Winston Brown*
                                            _____
                                            WINSTON BROWN

10

Document Integrity Verified                            EchoSign Transaction Number: XCBRMGR6M4D3M4Y